*LBMotion v. Playtika*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of October, two thousand twenty-five.

Present:
>   DEBRA ANN LIVINGSTON,
>       *Chief Judge*,
>   JOSÉ A. CABRANES,
>   BARRINGTON D. PARKER,
>       *Circuit Judges*.

_____

LBMOTION LTD., ARIC RAV TILMAN,

>   *Plaintiffs-Appellants*,

IDAN BAR-ASHER,

>   *Plaintiff*,

>   v.                                                          24-1003

PLAYTIKA HOLDING CORP., ROBERT ANTOKOL, CRAIG J. ABRAHAMS, TROY J. VANKE, WEI LIU, MARC BEILINSON, BING YUAN, TIAN LIN, MORGAN STANLEY & CO. LLC, CREDIT SUISSE SECURITIES (USA) LLC, CITIGROUP GLOBAL MARKETS INC., GOLDMAN SACHS & CO. LLC, UBS SECURITIES LLC, BOFA SECURITIES, INC., ROBERT W. BAIRD & CO. INCORPORATED, COWEN AND COMPANY, LLC, STIFEL, NICOLAUS & COMPANY, INCORPORATED, WEDBUSH SECURITIES INC.,

*Defendants-Appellees.*

| For Plaintiffs-Appellants: | LAUREN A. ORMSBEE, Carol C. Villegas, Jake Bissell-Linsk, David Saldamando, Labaton Keller Sucharow LLP, New York, NY. |
|---|---|
| | Brian Schall, Rina Restaino, The Schall Law Firm, Los Angeles, CA. |
| For Defendants-Appellees: | MARC J. SCHNEIDER, Stephen L. Ram, Micol Small, Sean T. Lobb, Stradling Yocca Carlson & Rauth LLP, Newport Beach, CA. |
| | Steven D. Feldman, Stradley Ronon Stevens & Young, LLP, New York, NY. |
| | Gregg L. Weiner, Lisa H. Bebchick, Ropes & Gray LLP, New York, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Kovner, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiffs-Appellants LBMotion Ltd. ("LBMotion") and Aric Rav Tilman (together, "Plaintiffs") appeal from an order of the United States District Court for the Eastern District of New York (Kovner, *J.*), entered on March 18, 2024, granting Defendants-Appellees Playtika Holding Corp. ("Playtika"), Robert Antokol, Craig J. Abrahams, Troy J. Vanke, Wei Liu, Marc Beilinson, Bing Yuan, Tian Lin, Morgan Stanley & Co. LLC, Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., Goldman Sachs & Co. LLC, UBS Securities LLC, BofA Securities, Inc., Robert W. Baird & Co. Incorporated, Cowen and Company, LLC, Stifel, Nicolaus & Company, Incorporated, and Wedbush Securities Inc.'s (collectively, "Defendants") motion to dismiss. Plaintiffs bring claims pursuant to Sections 11 and 15 of the Securities Act, 15 U.S.C.

§§ 77k, 77o, alleging that Defendants' failure to disclose the existence of ongoing upgrades to two of Playtika's mobile gaming applications (the "Upgrade Projects") was (1) a material omission that rendered statements in Playtika's Registration Statement (particularly statements regarding its ability to maintain a "constant cadence" of new feature rollout) misleading; and (2) a material omission that violated an affirmative legal obligation imposed by Item 105 of Securities and Exchange Commission (SEC) Regulation S-K. The district court concluded that Plaintiffs' complaint fails to state a claim because the risk disclosure language in Playtika's Registration Statement was broad enough to cover the risks associated with the Upgrade Projects. On appeal, Plaintiffs raise substantially the same arguments as they did below. For substantially the same reasons articulated by the district court, we affirm. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only as necessary to explain our decision.

The crux of Plaintiffs' theory is that Defendants' failure to disclose the Upgrade Projects rendered the "constant cadence" statements in Playtika's Registration Statement misleading. However, as the district court noted, "Playtika [] expressly warned that '[it] cannot assure [investors] that [it] will achieve the necessary technological advances or have the financial or other resources needed to introduce new games or improvements and enhancements to games *on a timely basis or at all*.'" J. App'x at 116 (quoting Dist. Ct. Dkt. No. 61-2 at 38). In other words, the Registration Statement included "critical qualifying information" warning investors that Playtika may not be able to in-fact release new features at a "constant cadence." *See Macquarie Infrastructure Corp. v. Moab Partners, L. P.*, 601 U.S. 257, 264 (2024) (defining a half-truth as a

3

"representation[] that state[s] the truth only so far as it goes, while omitting critical qualifying information").[1]

While Plaintiffs contend that Playtika had a "plan" for the *Bingo Blitz* project to reduce feature deployment by between 5% to 10%, the district court also correctly observed that "the amended complaint does not allege that this plan existed . . . [or] had been implemented at the time of the IPO" in January 2021. J. App'x at 118; *see* J. App'x at 68 (Plaintiffs' complaint alleging that "CW-1 confirmed that Playtika [] began implementing the[] long-term User Interface projects for *Bingo Blitz* sometime in '*February or March of 2021*'" (emphasis added)). Plaintiffs' allegation that "Playtika had a plan in place to implement the[] User Interface projects before or at the time the IPO occurred on January 15, 2021," J. App'x at 68 (emphasis omitted), is merely conclusory. *See Kirschner v. JP Morgan Chase Bank, N.A.*, 79 F.4th 290, 303 (2d Cir. 2023) ("[C]onclusory allegations are not entitled to the assumption of truth.").

Similarly, we see no error in the district court's conclusion that "Item 105 did not require [D]efendants to disclose [the relevant] risks at a more granular level because . . . the[] [risk] disclosures were 'broad enough to cover the[] specific risks'" that Plaintiffs highlight in their complaint. J. App'x at 120. Accordingly, the district court properly granted Defendants' motion to dismiss Plaintiffs' claims.

\*        \*        \*

---

[1] Plaintiffs have expressly waived any argument that the risk disclosures in Playtika's Registration Statement themselves were misleading. *See* Appellants' Reply Br. at 13 (clarifying that Plaintiffs' complaint "do[es] not allege . . . that Playtika's risk disclosures themselves are materially misleading half-truths").

4

We have considered Appellants' remaining arguments and find them to be without merit.

Accordingly, the order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk